# No: 03-14-00665-CV

## IN THE COURT OF APPEALS FOR THE THIRD JUDICIAL DISTRICT OF TEXAS AT AUSTIN, TEXAS

**ERIC DRAKE**

*Plaintiff–Appellant*

v.

**KASTL LAW FIRM P.C. ET AL**

*Defendant–Appellee*

FILED
April 6, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

## ON APPEAL FROM THE 200TH DISTRICT COURT TRAVIS COUNTY, AUSTIN, TEXAS

### Trial Court No. D-1-GN-14-001215

## APPELLANT ERIC DRAKE'S RESPONSE TO APPELLEES MOTION TO STRIKE AND APPELLANT'S MOTION FOR SANCTIONS AND APPELLANT'S MOTION FOR JUDGMENT

RECEIVED
APR 0 6 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

Eric Drake
Pro-Se
Appellant
PO Box 833688
Richardson, Texas 75083
214-477-9288

## APPELLANT ERIC DRAKE'S RESPONSES TO APPELLEES MOTION TO STRIKE, APPELLANT'S MOTION FOR SANCTIONS AND APPELLANT MOTION FOR JUDGMENT

TO HONORABLE JUSTICES OF SAID COURT:

Appellant Eric Drake files this response to Appellees motion to strike, and files a motion for sanctions, and for judgment against Appellees Seana Willing and her attorney Scott Graydon.

Appellee filed a motion to strike the Appellant's brief based on allegations that the Appellant's brief was over one thousand words in excess of the 15,000-word count. Appellees also alleged that Appellant's brief exceeded the page count limit. There is a 15,000-word count for computer-generated briefs, but to the best of Appellant's legal research there is not a page count limit unless the brief is typewritten or handwritten. Otherwise for computer-generated briefs, the limit is based on the word count. The following are exclusions to the calculating the word count: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

Appellant checked his brief carefully before filing it with the Court, and excluded the above exclusions when calculating the word count. The

APPELLANT'S RESPONSE/MOTION FOR SANCTIONS AND JUDGMENT   PAGE 1

Appellant re-checked his brief after learning of the Appellees allegations, and the brief is the same word count. It is difficult to calculate word count on a document if the document is in paper form. And it takes minutes to do so when the document has been generated by a computer, as in the Appellant's case. Simply enough, the Appellees motion to strike is frivolous, and the Court should sanction the Appellee Seana Willing and her attorney Scot Graydon under Tex. R. Appellate P. 52.11.

The Cover Page is excluded from calculating word count. Appellant filed his Identity of Parties and Counsel, which is excluded from calculating word count. Appellant filed his Statement regarding Oral Argument, and this is excluded from calculating word count. Appellant filed his Table of Contents and Issues Presented for Review, which are also excluded from calculating word count. Index of Authorities is also excluded. The Statement of the Case is excluded. Appellant filed his Statement of Facts, (Pre-Trial History and Brief History of Events [which is Appellant's *statement of procedure history*], which is also excluded from calculating word count. Jurisdiction is also excluded. Certificate of Service and Certificate of Compliance and any relevant Appendix information to the Court is also excluded. Appellant fully understands how to check on his computer for

**APPELLANT'S RESPONSE/MOTION FOR SANCTIONS AND JUDGMENT    PAGE 2**

word and character count. After the Appellant rechecked the word count in the brief he filed with the Court, the count remains below 15,000 words.

The due date on Appellees brief was April 1, 2015. And unless there has been a brief filed that the Appellant is unaware of, Appellees has failed to file it's brief timely, and has failed to file a request of the Court for an extension of time to file its brief. Thus, the Court should rule in favor of the Appellant, and against the Appellees, for Appellant's cost and time in filing this appeal. Moreover, Appellees failed to conference with the Appellant prior to filing its frivolous motion to strike in the Court's record.

Local rules require a party to an appeal to conference with the other party before filing a motion with the Court. The Appellees failed to do so, like it failed to conference with the Appellant before filing its motion to wrongfully declare Appellant as a vexatious litigant. Graydon states that he tired to conference with the Appellant in writing. Appellant have never agreed to conferencing in writing with the Appellees. Thus, Appellee Graydon again, is refusing to comply with the most simplest procedure rules. Nevertheless, conferencing requires more than one attempt to conference with the other party in litigation, if a party is unable able to reach the party it is attempting to conference with. Appellee only made one allege attempt by

U.S. mail to conference with Appellant. Notwithstanding, the Appellees motion to strike does not comply with the Texas Rules of Appellate Procedure in that the pages are not numbered, and other non-compliance issues. Moreover, the Clerk of Court raised no compliance issues with the Appellant's brief, however, if by some means if Appellant's brief may not comply in some way, Drake respectfully request time to cure any defects.

Pursuant to Order Adopting Texas Rule of Appellate Procedure 6 and 9, Misc. Docket No. 13-9128, Supreme Court of Texas, 2013 Tex. Lexis 1087, under: <u>Maximum Length</u>. The documents listed below must not exceed the following limits under subsection (b):

> (B) A brief and response in an appellate court (other than a brief under subparagraph (A)) and a petition and response in an original proceeding in the court of appeals: **15,000** words if computer-generated, and **50** pages if not. In a civil case in the court of appeals, the aggregate of all briefs filed by a party must not exceed **27,000** words if computer-generated, and **90** pages if not.

Because the Appellee has failed to file a brief, and has chosen to file a frivolous motion instead, the Appellant asks the Court for all relief that he requested in his original brief, which is: Appellant Drake requests that the Court vacate the following orders that were signed on August 19, 2014

pursuant to cause number: D-1-GN-14-001215, which would include all orders the Appellant has directed this Court to in this brief, including: the August 19, 2014 order declaring Appellant Drake as a vexatious litigant with prefiling order; the August 19, 2014 orders of referral and recusal that this Court has been directed to in this brief, and that these orders should be stricken from the record and vacated for the reasons pled in Appellant brief.

Additionally, because Appellees have not even tried to file a brief in the above matter, the Appellant requests as sanctions the time that it took to draft his brief, including the time for research and other costs.

Appellant asks that the Court **deny** the Appellees motion to strike, and Sanction Appellees Seana Willing and her attorney Scott Graydon for their filing a frivolous pleading into the Court's record. Appellant brief is computer-generated, it would take less than 3 minutes to calculate and show the Court that the Appellees allegations are false and misleading, just as Appellee Willing and Scot Graydon did before Judge Charles Ramsay.

Further, in regards to Appellees allegations that they may not have received documents that the Appellant has filed into the Court's record, this is the first time that the Appellant has heard of this complaint. Nevertheless, Appellant sent Appellee Willing copies of all pleadings filed. This complaint is as frivolous as Appellee Willing's motion to strike.

WHEREFORE, APPELLANT, ERIC DRAKE respectfully requests the Court to vacate the following orders that were signed on August 19, 2014 pursuant to cause number: D-1-GN-14-001215, which would include all orders the Appellant has directed this Court to in this brief, including: the August 19, 2014 order declaring Appellant Drake as a vexatious litigant with prefiling order; the August 19, 2014 orders of referral and recusal that this Court has been directed to in this brief, and that these orders should be stricken from the record and vacated for the reasons pled in Appellant's original brief filed in the Court. Additionally, because Appellees have not even tried to file a brief in the above matter, the Appellant requests the time that it took to file his brief including the time for research and other costs. And part of their sanctions, the Court should not allowed a late filing of a brief by the Appellees Seana Willing and Scott Graydon.

Appellant further asks for judgment of the Court in his favor, and that the Court *deny* the Appellees motion to strike, and Sanction Appellees Seana Willing and her attorney Scott Graydon for their filing a frivolous pleading into the Court's record. To the best of Appellant's understanding and belief, his brief filed with the Court does comply with the Tex. R. Appellate P., by his calculations, however, if there is something that the Appellant has possibly overlooked, he requests that the Court allow him a reasonable time

to cure any defects. Appellant further requests the Court to set a hearing on the Appellant Motion for Sanctions, and during the hearing, Appellant will demonstrate to the Court that his brief does comply with the word count.

Appellant finally requests all and any other relief that the court may grant him that he may show justification.

Respectfully submitted:

_____
Eric Drake
PO Box 25565
Dallas, Texas 75225
214-477-9288

## CERTIFICATION OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing document has been delivered to the defendant's/appellees through their attorney of record via US Mail on this the 1st day of April 2015.

_____
Eric Drake

## CERTIFICATION OF CONFERENCE

I ERIC DRAKE, Appellant, on this the, 31st day of March, and on the 1st day of April 2015, certify that I attempted to make contact with Kristina Kastl, and on April 1, 2015 on two occasions to conference with her regarding this motion, however, she has failed to respond. Likewise, I attempted to conference with Scot Graydon on March 31, 2015, and on April 1, 2015, but he has refused to conference with Appellant by telephone. Appellant left several messages on Mr. Graydon's voice mail with no avail. On April 1, 2015, I also attempted to contact Frank Waite and left several messages and he never responded. Thus, I file this motion with the Court for its decision and ruling.

_____
Eric Drake

This envelope is made from post-consumer waste. Please recycle – again.

# PRIORITY
## ★ MAIL ★
# EXPRESS™

**OUR FASTEST SERVICE IN THE U.S.**

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

EP13F July 2013   OD: 12.5 x 9.5

PRESS HARD. *YOU ARE MAKING 3 COPIES.*



U.S. POSTAGE
PAID
DALLAS, TX
APR 75230 15
AMOUNT
$19.99
00041879-11

1007

## EXPRESS
## MAIL

**UNITED STATES POSTAL SERVICE®**

**Post Office To Addressee**

Mailing Label
Label 11-B, March 2004

EI 902834157 US

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 75230

Date Accepted: 04-01-15

Time Accepted: 10:44 □AM ☑PM

Scheduled Delivery Date: 04-02-15

Scheduled Time of Delivery: ☐ 3 PM

Mailing Emp. Init.: Day of Delivery: ☑ Next ☐ 2nd ☐ 2nd Del Day

Postage: $19.99

COD Fee / Insurance Fee

Total Postage & Fees: $19.99

Acceptance Emp. Initials

Flat Rate □ or Weight: lb. 3 oz.

**DELIVERY (POSTAL USE ONLY)**

Delivery Attempt: Mo. Day — Time ☐ AM ☐ PM

Delivery Date: Mo. Day — Time ☐ AM ☐ PM

Employee Signature

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT

☐ WAIVER OF SIGNATURE

**FROM: (PLEASE PRINT)   PHONE (   )**

E. Drake
P.O. Box 833688
Richardson, TX. 75083

**TO: (PLEASE PRINT)   PHONE (   )**

3rd Court of Appeals
209 W. 14th St.
Suite 101
Austin, TX. 78701

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

7 8 7 0 1 +

**FOR PICKUP OR TRACKING**

Visit **www.usps.com**
Call 1-800-222-1811

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; July 2013; All rights reserved.